CLERK'S OFFICE U.S. DISTRICT COURT
AT ABINGDON, VA
FILED
JUL 09 2024
LAURA A. AUSTIN, CLERK
BY: R. Lamberine
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
**ABINGDON DIVISION**

**UNITED STATES OF AMERICA** :
:
**v.** : **Case No.** 1:24cr21
:
**KACY LEE SATTERFIELD** : **Violations: 18 U.S.C. § 922(g)**

**21 U.S.C. § 841(a)**

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

1. In or about December 2023, in the Western District of Virginia and elsewhere, KACY LEE SATTERFIELD, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed firearms and ammunition, that is, a Glock 43X 9mm pistol, a Springfield Armory XDE-9 9mm pistol, an American Tactical Omni Hybrid multi-caliber rifle, and assorted ammunition, which were in and affecting commerce.

2. All in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

### COUNT TWO

1. On or about December 28, 2023, in the Western District of Virginia and elsewhere, KACY LEE SATTERFIELD knowingly and intentionally possessed with the intent to distribute 5 grams or more of methamphetamine, its salts, isomers, and salts of its isomers, a Schedule II controlled substance.

2. All in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(B).

## NOTICE OF FORFEITURE

1. Upon conviction of one or more of the felony offenses alleged in this Indictment, each defendant shall forfeit to the United States:

   a. any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offenses, pursuant to 21 U.S.C. § 853(a)(1);

   b. any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said offenses, pursuant to 21 U.S.C. § 853(a)(2);

   c. any firearm used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances and/or raw materials, as described in 21 U.S.C. § 881(a)(1) and (2), and any proceeds traceable to such property, pursuant to 21 U.S.C. § 881(a)(11) and 28 U.S.C. § 2461(c);

   d. any firearms and ammunition involved or used in the commission of said offenses, or possessed in violation thereof, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

2. If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with a third person;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants up to the value of the above-described forfeitable property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL, this __9th__ day of July, 2024.

/s/ Grand Jury Foreperson

CHRISTOPHER R. KAVANAUGH
United States Attorney

USAO #2024R000071